UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
Brian D. Gouldrup

Wells Fargo Bank, N.A.,
VS.
Brian D. Gouldrup

CHAPTER 13
CASE NO. 08-11700-JNF

## MOTION FOR RELIEF FROM STAY

To the Honorable Joan N. Feeney:

Wells Fargo Bank, N.A., your moving party in the within Motion, hereby requests that the Court grant relief from the Automatic Stay imposed by 11 U.S.C. 362 and any applicable Co-debtor Stay imposed by 11 U.S.C. §1301 and respectfully represents:

1.      The movant has a mailing address of Wells Fargo N.A., 3476 Stateview Blvd, Ft. Mill, SC 29715.

2.      The debtor, Brian D. Gouldrup, has a mailing address of 2 Sage Lane, South Easton, MA 02375.

3.      On March 12, 2008, the debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4.      The debtor's Chapter 13 plan has not been confirmed.

5.      The movant is the holder of a first mortgage on real estate in the original amount of $188,910.00 given by Brian Gouldrup and Christopher M. Macero to Wells Fargo Bank, N.A. on or about October 29, 2004.  Said mortgage is recorded with the Lee County Registry of Deeds at Book 4488, Page 4423 and covers the premises located at 12080 Matera Lane #1 unit 102, Bonita Springs, FL 34135.  A copy of the mortgage is annexed hereto and marked as Exhibit 'A'.

6.      Said mortgage secures a note given by Brian Gouldrup to Wells Fargo Bank, N.A. in the original amount of $188,910.00.

7. There is no other collateral securing the obligation.

8. The mortgage has not been assigned.

9. The movant is unaware of a Declaration of Homestead.

10. As of May 16, 2008, approximately $188,918.13 in principal, interest, late fees and other charges was due with regard to the note and mortgage.

11. There are the following encumbrances on the property:

| Name of Creditor | Type of Lien | Amount Owed |
| --- | --- | --- |
| Wells Fargo, N.A. | First Mortgage | $188,918.13 |
| Vasairi Country Club Master Association | Lien | $ 9,818.50 |
| Vasairi Country Club Condominium Ass. | Lien | $ 7,161.00 |
| Taylor Woodrow Condominiums | Condo. Fees Due | $10,000.00 |
| Total Secured Encumbrances: | | $215,897.63 |

12. The pre-petition arrearage is $5,935.76.

13. According to the debtor's schedules, the fair market value of the subject property is $226,500.00. The liquidation value of the subject property is $211,377.16, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,032.84) and anticipated costs incurred for a real estate closing of $500.00.

14. The debtor has failed to remain current with the post-petition payments.

16. The loan is in default for April 1, 2008 post petition payment and all payments thereafter.

17. The total post-petition arrearage due as of May 16, 2008 is $3,702.80, excluding attorney's fees and costs. As a result of this motion, attorney's fees and costs of approximately $495.00 have accrued. This figure may increase as additional attorney's fees and costs continue to accrue.

18. The total post-petition arrearage through the anticipated hearing on this motion would also include any additional monthly mortgage payments in the amount of $1,784.36 each. These payments are due on the first of every month and late charges in the amount of $ 67.02 accrue on

2

the sixteenth of every month. The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

19. The property is not necessary for a successful reorganization of the debtor.

20. The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

    I. Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtor has not made timely post petition payments, and that the debtor has failed to provide the plaintiff with adequate protection;

    II. Pursuant to 11 U.S.C. 362 (d)(2) on the basis that the debtor has no equity in the subject property after all property encumbererances are satisfied and the liquidation value is calculated and the property is not necessary for effective reorganization.

WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

                                        Respectfully submitted,

                                        Wells Fargo Bank, N.A.,
                                        By its Attorney

/s/ Mariah K Jennings-Rampsi
Mariah K Jennings-Rampsi, Esquire
BBO# 669717
HARMON LAW OFFICES, P.C.
P.O. Box 610345
Newton Highlands, MA 02461-0345
781-292-3900

Dated: May 20 , 2008

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| IN RE: | CHAPTER 13 |
|---|---|
| Brian D. Gouldrup | CASE NO. 08-11700-JNF |

CERTIFICATE OF SERVICE

I, Mariah K Jennings-Rampsi, Esquire, state that on May 20, 2008, I electronically filed the attached Motion for Relief and the Proposed Order with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the Motion for Relief and the Proposed Order on the following CM/ECF participants:

Carolyn Bankowski, Chapter 13 Trustee
John Fitzgerald, Assistant U.S. Trustee
Kenneth Ackerman, Esquire for the Debtor
Patti H. Bass, Esquire Household (SB), NA
Alice Whitten, Esquire AmeriCredit

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

/s/ Mariah K Jennings-Rampsi
Mariah K Jennings-Rampsi, Esquire
BBO# 669717

Brian D. Gouldrup
2 Sage Lane
South Easton, MA 02375

Christopher M. Macero
12080 Matera Lane #102
Bontina Springs, FL 34135

Tax Collector of Bonita Springs
25300 Bernwood Drive, Suite 3
Bonita Springs, FL 34135

Taylor Woodrow
8430 Enterpise Circl
Bradenton, FL 34202

Vasari Country Club
11250 Via Del Vasari Drive
Bonita Springs, FL, 34135-6970

MKJ//200803-1636/Gouldrup, Brian

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re: | CHAPTER 13 |
| --- | --- |
| Brian D. Gouldrup, | CASE NO. 08-11700-JNF |
| Debtor. | |

**Order Granting Wells Fargo Bank, N.A. Relief
From Stay And Leave To Foreclose Mortgage**

      This matter has come before the Court, and after full consideration, and no objections having been filed after proper notice, it is hereby ordered that Wells Fargo Bank, N.A., its Successors and/or Assigns, Motion for Relief From Stay is hereby granted and the stay imposed by 11 U.S.C. §362 and/or 11 U.S.C. §1301 is hereby terminated and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by Brian Gouldrup to Wells Fargo Bank, N.A. dated October 29, 2004 and recorded with the Lee County Registry of Deeds at Book 4488, Page 4423 and which covers the premises located at 12080 Matera Lane #1, Bonita Springs, FL 34135, and may exercise its rights under said Mortgage, including preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion.

*/s/ Joan N. Feeney*   6/16/2008
Honorable Joan N. Feeney
United States Bankruptcy Judge

200803-1636

6