UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| IN RE: |
| --- |
| Brian D. Gouldrup |

| | |
| --- | --- |
| US Bank, N.A. as trustee, | CHAPTER 13 |
| VS. | CASE NO. 08-11700-JNF |
| Brian D. Gouldrup | |

### MOTION FOR RELIEF FROM STAY

To the Honorable Joan N. Feeney:

US Bank, N.A. as trustee, your moving party in the within Motion, hereby requests that the Court grant relief from the Automatic Stay imposed by 11 U.S.C. 362 and any applicable Co-debtor Stay imposed by 11 U.S.C. §1301 and respectfully represents:

1.     The movant has a mailing address c/o GMAC, 1100 Virginia Drive, P.O. Box 8300, Fort Washington, PA 19034.

2.     The debtor, Brian D. Gouldrup, has a mailing address of 2 Sage Lane, South Easton, MA 02375.

3.     On March 12, 2008, the debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4.     The debtor's Chapter 13 plan had not been confirmed.

5.     The movant is the holder of a first mortgage on real estate in the original amount of $248,800.00 given by Brian D. Gouldrup to Mortgage Electronic Registration Systems, Inc. on or about April 4, 2005.  Said mortgage is recorded with the Bristol County Registry of Deeds at Book

14660, Page 62 and covers the premises located at 55 Williams Street, Unit No. 102, The Villages at the Moorlands Condominium, Taunton, MA 02780. A copy of the mortgage is annexed hereto and marked as Exhibit 'A'.

6. Said mortgage secures a note given by Brian D. Gouldrup to Mortgage Financial, Inc. in the original amount of $248,800.00.

7. The mortgage was assigned by Mortgage Electronic Registration Systems, Inc. to the movant.

8. The movant is unaware of any recorded Declaration of Homestead.

9. There is no other collateral securing the obligation.

10. As of April 16, 2008, approximately $255,549.91 in principal, interest, late fees and other charges was due with regard to the note and mortgage.

11. There are the following encumbrances on the property:

| Name of Creditor | Type of Lien | Amount Owed |
|---|---|---|
| US Bank, N.A. as trustee | First Mortgage | $255,549.91 |
| Bank of America | Line of Credit | $ 9,823.00 |
| Village at Moorlands | Condo Fee Lien | $ 587.00 |
| Total Secured Encumbrances: | | $265,959.91 |

12. The pre-petition arrearage is $6,559.64.

13. According to the debtor's schedules, the fair market value of the subject property is $272,000.00. The liquidation value of the subject property is $253,939.68, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,240.32) and anticipated costs incurred for a real estate closing of $500.00.

14. The debtor has no equity in the property.

15. The debtor has failed to remain current with the post-petition payments to US Bank, N.A. as trustee.

16.     The loan is in default for the April 1, 2008 post petition payment.

17.     The total post-petition arrearage due as of June 2, 2008 is $5,265.32, excluding attorney's fees and costs.  As a result of this motion, attorney's fees and costs of approximately $450.00 have accrued. This figure may increase as additional attorney's fees and costs continue to accrue.

18.     The total post-petition arrearage through the anticipated hearing on this motion would also include any additional monthly mortgage payments in the amount of $1,724.54, which payments are due on the first of every month and late charges in the amount of $45.85 which accrue on the sixteenth of every month.  The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

19.     According to the debtor's Amended Chapter 13 Plan, the property will be surrendered.

20.     The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

　　　　I.     Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtor has not made post petition payments, and that the debtor has failed to provide the plaintiff with adequate protection;

　　　　II.    Pursuant to 11 U.S.C. 362 (d)(2) on the basis that the debtor has no equity in the subject property and the property is not necessary for effective reorganization.

　　　　WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and

federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

                                  Respectfully submitted,

                                  US Bank, N.A. as trustee,
                                  By its Attorney

                                  /s/ Elizabeth A. Lonardo
                                  Elizabeth A Lonardo, Esquire
                                  BBO# 669569
                                  HARMON LAW OFFICES, P.C.
                                  P.O. Box 610345
                                  Newton Highlands, MA 02461-0345
                                  781-292-3900

Dated: June   2   , 2008

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| IN RE:<br><br>Brian D. Gouldrup | CHAPTER 13<br>CASE NO. 08-11700-JNF |
|---|---|

CERTIFICATE OF SERVICE

      I, Elizabeth A Lonardo, Esquire, state that on June   2   , 2008, I electronically filed the foregoing Motion for Relief and Proposed Order with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

John Fitzgerald, Assistant U.S. Trustee
Carolyn Bankowski, Ch. 13 Trustee
Kenneth Ackerman, Esquire for Debtor
Patti H. Bass, Esquire for Household Bank (SB), NA

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

      /s/ Elizabeth A. Lonardo
      Elizabeth A Lonardo, Esquire
      BBO# 669569

Brian D. Gouldrup
2 Sage Lane
South Easton, MA 02375

City of Taunton
Tax Collector
15 Summer Street
Taunton, MA 02780

AmeriCredit.
c/o Alice Whitten
POB 183853
Arlington, TX 76096

Bank of America
4161 Piedmont Parkway
NC4-105-01-34
Greensboro, NC 27410-8110

Village at Moorlands
P.O. Box 526
East Taunton, MA 02718

EXL//200803-2155/Gouldrup, Brian

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Brian D. Gouldrup,<br><br>Debtor. | CHAPTER 13<br>CASE NO. 08-11700-JNF |

**<u>Order Granting US Bank, N.A. as trustee Relief
From Stay And Leave To Foreclose Mortgage</u>**

This matter has come before the Court, and after full consideration, and no objections having been filed after proper notice, it is hereby ordered that US Bank, N.A. as trustee, its Successors and/or Assigns, Motion for Relief From Stay is hereby granted and the stay imposed by 11 U.S.C. §362 and/or 11 U.S.C. §1301 is hereby terminated and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by Brian D. Gouldrup to Mortgage Electronic Registration Systems, Inc. dated April 4, 2005 and recorded with the Bristol County Registry of Deeds at Book 14660, Page 62 and which covers the premises located at 55 Williams Street, Unit No. 102, The Villages at the Moorlands Condominium, Taunton, MA 02780, and may exercise its rights under said Mortgage, including preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion.

*Joan N. Feeney*

6/17/2008

Honorable Joan N. Feeney
United States Bankruptcy Judge

200803-2155