UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In Re: * | |
| * | Chapter 13 |
| Brian D. Gouldrup * | Case No. 08-11700-JNF |
| Debtor * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION OF BOARD OF TRUSTEES OF THE VILLAGES AT THE MOORLANDS CONDOMINIUM TRUST FOR RELIEF FROM AUTOMATIC STAY

Now comes Creditor, Board of Trustees of The Villages at the Moorlands Condominium Trust (hereinafter "Creditor") and moves this Honorable Court for relief from the automatic stay provisions of 11 U.S.C. Section 362(1) and makes application for permission to proceed in rem for the debt against the Unit and personally against the Debtor to establish rights of priority in the security and for post-petition debt to enforce its secured rights in the collateral. In support of this motion, Creditor states as follows:

1.  On March 12, 2008, the Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code for the District of Massachusetts.

2.  The Debtor's Chapter 13 plan has not been confirmed.

3.  Creditor/Movant is the Managing Board of a condominium trust which trust is the organization of unit owners of The Villages at the Moorlands Condominium (the "Condominium"), a Condominium duly established pursuant to Massachusetts General Laws Chapter 183A by the recording of a Master Deed in the Bristol County Registry of Deeds.

4.  Debtor is the owner of a unit known as 55 Williams Street, Unit 102, Taunton, MA in The Villages at Moorlands Condominium.

5. Creditor/Movant is the holder of a statutory lien for unpaid common area assessments pursuant to Massachusetts General Laws Chapter 183A, §6.

6. The lien is both a personal obligation of the Debtor and a lien on the Unit.

7. Said lien has a limited priority over the first mortgage to the extent of six months prior to the institution of an action; thereafter, except for municipal obligations and the mortgage, the lien is superior to all other encumbrances on the unit.

8. As of July 18, 2008, approximately, $880.00 is due and owing on the Unit.

9. To the best of Creditor's knowledge, there are approximately the following encumbrances on the subject property:

| Name of Creditor | Type of Lien | Amount Owed |
|---|---|---|
| US Bank, NA as Trustee | First Mortgage | $255,549.91 |
| The Villages at Moorlands Condominium | Statutory Lien | $ 2,282.28 |
| Bank of American | Second Mortgage | $ 9,823.00 |
| Total Secured Encumbrances | | $267,655.11 |

10. According to the Debtor's schedules, at the time of the filing of this case, the fair market value of the subject property is $272,000.00. It is Movant's opinion that the liquidation value of the subject property would be $253,939.68, calculated as the fair market value less a reasonable realtor's fee of $16,320.00 (6%); deed stamps ($1,240.32) and anticipated costs incurred for a real estate closing of $500.00.

11. The Debtor has failed to remain current with payment of the post-petition common area assessments to Creditor. Annexed hereto is a ledger for Debtor's unit account.

12. As a result of this motion, attorney's fees of approximately $550.00 and costs in the amount of $150.00 have accrued in addition to the amount set forth in

Paragraph 8 above. This figure may increase if counsel for Creditor performs additional services for Creditor in connection with this Motion.

13. The total post-petition arrearage through the anticipated hearing on this motion would also include all additional monthly common area assessments currently in the amount of $195.00 with a $25.00 in late fees for each month wherein there is an outstanding balance. Pursuant to Massachusetts General Laws Chapter 183A, §6, the post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

14. 11 U.S.C. §523(a)(16) provides that a Debtor may not be discharged from personal liability:

> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the Debtor's interest in a unit that has condominium ownership, or in a share of a cooperative housing corporation or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

15. According to the Debtor's Amended Chapter 13 Plan, the property will be surrendered.

16. Creditor/Movant is seeking relief from the automatic stay to permit it to enforce and perfect the statutory lien in State Court.

WHEREFORE, the Board of Trustees of The Villages at Moorlands Condominium Trust respectfully requests that this Court enter an Order:

1. Granting the Board of Trustees of The Villages at Moorlands Condominium Trust relief from the automatic stay to allow The Villages at Moorlands Condominium to exercise its rights as a Massachusetts Condominium Association under State Law; and

2. Providing such other relief as is just and equitable.

                                BOARD OF TRUSTEES OF THE VILLAGES
                                AT MOORLANDS CONDOMINIUM TRUST
                                By their counsel,

                                /s/Ellen A. Shapiro
                                Ellen A. Shapiro, Esquire (BBO#454000)
                                Law Office of Goodman & Shapiro, LLC
                                3 Allied Drive, Suite 120
Dated: July 18, 2008          781-251-9800

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In Re:                              \*
                                    \*       Chapter 13
Brian D. Gouldrup                   \*       Case No. 08-11700-JNF
Debtor                              \*
                                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER GRANTING THE VILLAGES AT MOORLANDS CONDOMINIUM TRUST'S RELIEF FROM THE AUTOMATIC STAY

Upon the Motion by the Board of Trustees of The Villages at Moorlands Condominium Trust for Relief From Automatic Stay, which Motion came before me, and after due and proper notice was given, and after full consideration, it is hereby ORDERED:

The Board of Trustees of The Villages at Moorlands Condominium Trust is hereby granted immediate relief from the automatic stay provisions of 11 U.S.C. §362(a) to exercise its rights and remedies in rem as a Massachusetts Condominium Association under applicable law, to enforce its statutory lien on the certain property known as **55 Williams Street, The Villages at Moorlands Condominium, Unit 102, Taunton, Massachusetts.**

Dated:

_/s/ Joan N. Feeney_    8/1/2008
Honorable Joan N. Feeney
U.S. Bankruptcy Judge

Villages at the Moorlands  Condo fee - Unit 102  Brian Gouldrup

**CONDO FEES 2005**

| UNIT # | UNIT SIZE | NAME OF OWNER | CLOSING FEE | CONDO JANUARY | FEBRUARY | MARCH | APRIL | MAY | JUNE | JULY | AUGUST | SEPTEMBER | OCTOBER | NOVEMBER | DECEMBER | BALANCE DUE | RESERVE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | 2 bedroom | Brian Gouldrup | 4/4/2005 $195.00 | | | $195.00 | $176.34 | c-195.00 | C21 | C21 | | | | | | | $ 390.00 |

**CONDO FEES 2006**

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | | Brian Gouldrup | | $195.00 | $195.00 | $195.00 | $195.50 | $195.00 | $195.00 | $195.50 | $195.90 | $195.90(L) | $195.50(L) | $195.50 | $195.90 | | |
| | | | | | | | | | | | | $25 late fee | $25 late fee | | | | |

**CONDO FEES 2007**

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | | Brian Gouldrup | | $195.00 | 195.5 (L) | 195.5(L) | $195.50 | $175.50 | $175.50 | $175.50 | $175.50 | 175.50 | $175.50 | 175.75 | 175.75 | $1,365.00 | |
| | | | | | $25 late fee | $25 late fee | | | | | | | | | | | |

**CONDO FEES 2008**

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | | Brian Gouldrup | | $195.00 | Bankruptcy | | | | | | | | | | | $125.00 | |
| | | | | $25 late fee | L | L | L | L | L | L | | | | | | $175.00 | |
| | | | | $25 late fee | $25 late fee | $25 late fee | $25 late fee | $25 late fee | $25 late fee | | | | | | | | |

**ATTORNEY'S FEES**

| | | | |
|---|---|---|---|
| 12/8/2008 | $291.78 | Rudolph Friedman - Lawyer   condo disputeUnit 102 | pd by assoc  Check # 1078 | $291.78 |
| 1/10/2007 | $73.50 | Rudolph Friedman - Lawyer   condo dispute    unit 102 | pd by assoc  Check # 1086 | $73.50 |
| 10/29/2007 | $252.00 | Rudolph Friedman - Lawyer   condo dispute    unit 102 | pd by assoc  Check # 1182 | $252.00 |

total: $617.28

**Total fees owed to date including Attorney fees, condo fees, and late fees = $2282.28**

$ 2,282.28

= late with no payment received
195.00(L) = late but received condo fee, no late fee paid

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In Re:                          \*
                                \*      Chapter 13
Brian D. Gouldrup               \*      Case No. 08-11700-JNF
    Debtor                      \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

I, Ellen A. Shapiro, attorney for the Board of Trustees of The Villages at the Moorlands Condominium Trust hereby certify that on July 18, 2008, I electronically filed the foregoing Motion of Board of Trustees of The Villages at the Moorlands Condominium Trust for Relief from the Automatic Stay with the United States Bankruptcy Court of the District of Massachusetts using the CM/ECF System. I served the foregoing documents on the following CM/ECF participants:

Kenneth Ackerman, Esquire on behalf of the Debtor at kca@aslawboston.com
Patti H Bass, Esquire on behalf of Household Bank, NA at ecf@bass-associates.com
Mariah Jennings-Rampsi, Esquire on behalf of Wells Fargo Bank, NA at mjenningsrampsi@harmonlaw.com
Elizabeth A. Lonardo, Esquire on behalf of US Bank, NA as Trustee at mabk@harmonlaw.com
Martin A. Mooney, Esquire on behalf of Wells Fargo Financial Massachusetts, Inc. at lperkins@deilylawfirm.com
A Rebecca Murray, Esquire on behalf of GMAC Mortgage, LLC at mabk@harmonlaw.com
Rian Vernon, Esquire on behalf of Wells Fargo Bank, NA at mabk@harmonlaw.com
Carolyn Bankowski, Esquire at 13trustee@ch13boston.com
John Fitzgerald, Esquire at USTPRegion01.BO.ECF@USDOJ.GOV

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants as listed on the attached Notice List.

                                                 Board of Trustees of The Villages at the Moorlands
                                                 Condominium Trust
                                                 LAW OFFICES OF
                                                 GOODMAN & SHAPIRO, LLC
                                                 By its counsel,

                                                 /s/ Ellen A. Shapiro
                                                 Ellen A. Shapiro, Esquire
                                                 BBO#454000
                                                 3 Allied Drive, Suite 120
                                                 Dedham MA 02026
                                                 (781) 251-9800

Malvern PA 19355-0701

Florida Power and Light Company
P.O. Box 025576
Miami, FL 33102

HSBC Best Buy
P.O. Box 15521
Wilmington, DE 19805

Home Coming Funding NETW
2711 N. Haskell
Ave. SW 1
Dallas, TX 75204

Jill Allbritton
20026 Larino Loop
Estero, FL 33928

Kohls/Chase
N56W17000 Ridgewoo
Menomonee Falls, WI 53051

LVNV Funding LLC its successors and
assigns as
assignee of CitiFinancial Inc
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

North Easton Savings Bank
229 Main Street
North Easton, MA 02356

Roundup Funding, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

Taylor Woodrow Communities at Vasari
LLC
8430 Enterprise Circle
Suite 100
Bradenton, FL 34202

Vasari Country Club
11250 Via Del Vasari Drive
Bonita Springs, FL 34135

Wells Fargo Auto Finance
P.O. Box 29704
Phoenix, AZ 85038

Wells Fargo Financial Pennsylvania, Inc.
Wells Fargo Auto Finance
Attn: MAC F6582-034
PO Box 500
Chester, PA 19013

Wells Fargo Home Mortgage
3476 Stateview Blvd.
Fort Mill, SC 29715

eCAST Settlement Corp
Assignee of HSBC Bank Nevada
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712

Brian D. Gouldrup
2 Sage Lane
South Easton, MA  02375

                                         Board of Trustees of The Villages at The
                                         Moorlands Condominium Trust
                                         LAW OFFICES OF
                                         GOODMAN & SHAPIRO, LLC
                                         By its counsel,

                                         /s/ Ellen A. Shapiro
                                         Ellen A. Shapiro, Esquire
                                         BBO#454000
                                         3 Allied Drive, Suite 120
                                         Dedham MA 02026
DATED: July 18, 2008                     (781) 251-9800